# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:15-CR-62-JRG** |
| | § | |
| **NAOMI LIPSCOMB** | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 27, 2018, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Naomi Lipscomb. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender, Ken Hawk.

Defendant originally pled guilty to the offense of Conspiracy to Possess With Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months. On October 12, 2016, District Judge Ron Clark sentenced Defendant to 27 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, and a $100 special assessment fee. On February 2, 2018, Defendant completed the term of imprisonment and began her term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol, purchase, possession, use, distribution, or administration of any controlled substance. In its petition, the government alleges that Defendant violated her conditions of

supervised release by submitting a urine sample that tested positive for cocaine on March 8, 2018.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being in possession of cocaine based on positive lab results from March 8, 2018, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government recommended to the Court a sentence of 6 months with two years supervised release to follow, with the first 6 months of supervised release to be in a halfway house.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Naomi Lipscomb be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with two years supervised release to follow, with the first 6 months of supervised release to be in a halfway house. The Court further **RECOMMENDS** that the place of confinement be Carswell due to medical needs and to facilitate family visitation. The Court also **RECOMMENDS** drug treatment while in the custody of the Bureau of Prisons.

**So ORDERED and SIGNED this 28th day of August, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE