# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:15-CR-00062-JDK-JDL** |
| **v.** § | |
| § | |
| § | |
| § | |
| **NAOMI LIPSCOMB,** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 25, 2021, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Naomi Lipscomb. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess With Intent To Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range based on total offense level of 17 and criminal history category of II, was 27 to 33 months. On October 12, 2016, District Judge Ron Clark sentenced Defendant to 27 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, and a $100 special assessment fee. On February 8, 2018, Defendant completed the term of imprisonment and began service of the supervision term. The original term of supervision was revoked on August 28, 2018, after Defendant submitted a urine specimen which tested positive for cocaine. Defendant was sentenced to 6 months imprisonment followed by a 2-year term of supervised release with the first 6 months

1

of supervised release to be in a halfway house. The new term of supervised release commenced on February 26, 2019, with an expiration date of February 25, 2021. On March 12, 2019, the conditions of supervised release were amended to include financial disclosure, drug after-care, and mental health treatment.

Under the terms of supervised release, Defendant was required to report as instructed to the probation officer. In its petition, the government alleges that Defendant failed to report as instructed by the probation officer in October, November, and December 2019 as well as from January to October 2020. The government also alleges that Defendant violated her conditions of supervised release by: (1) failing to answer truthfully questions posed by the probation officer; (2) failing to notify the probation officer of change in residence; (3) failing to notify the probation officer of change in employment; and (4) failing to attend counseling.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to report, failing to answer truthfully, failing to notify the probation officer of change in residence, failing to notify the probation officer of change in employment, and failing to attend counseling, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the Court may (1) revoke probation or supervised release; or, (2) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended a sentence of 7 months

imprisonment with credit for time served from December 28, 2020, with no supervised release to follow. Additionally, the government will abandon any remaining allegations.

The Court therefore **RECOMMENDS** that Defendant Naomi Lipscomb's plea of true be accepted and she be sentenced to 7 months imprisonment with credit for time served from December 28, 2020, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve her sentence at FCI Bryan, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of January, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE